# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:19-cv-00025-MR
# [CRIMINAL CASE NO. 1:14-cr-00042-MR]

| | | |
|---|---|---|
| EARL SPENCER BOYCE, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| TRAVIS M. BRAGG, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on Petitioner's habeas corpus petition, brought pursuant to 28 U.S.C. § 2241 [Doc. 1].

On August 25, 2014, Petitioner pled guilty in this Court to possession of ammunition by a felon in violation of 18 U.S.C. § 922(g)(1). [Criminal Case No. 1:14-cr-00042-MR ("CR"), Doc. 14: Amended Plea Agreement; CR Doc. 15: Acceptance and Entry of Guilty Plea]. On April 29, 2015, this Court sentenced Petitioner to 57 months' imprisonment to run consecutively with the term of imprisonment pursuant to the Judgment in entered in Criminal Case No. 1:06-cr-00020 and consecutive to any state court sentence with regards to the pending charges, and three years of supervised release. [CR Doc. 24: Judgment]. Petitioner moved to voluntarily dismiss his direct appeal

which was granted on September 24, 2015. [CR Doc. 34: Order of Dismissal, Mandate].

On January 17, 2019, Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner contends that the Bureau of Prisons has incorrectly calculated his prison sentence based on credit for time served. He asks the Court to award him 327 days of credit and immediately release him to supervised release.[1] [Doc. 1 at 4].

A challenge to the execution of a sentence, rather than the sentence itself, must be brought pursuant to § 2241 in the district of confinement. See generally Rumsfeld v. Padilla, 542 U.S. 426 (2004) (claim that challenges the present physical confinement must be filed in the district of confinement); see United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989) ("A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself. Judicial review must be sought

---

[1] It does not appear that Petitioner is attempting to challenge his federal criminal conviction or sentence. A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence" pursuant to 28 U.S.C. § 2255(a). Such a motion is filed in the sentencing court and is subject to timeliness requirements and procedural rules including the Rules Governing Section 2255 Proceedings in the United States District Courts, the Federal Rules of Civil Procedure, and this Court's Local Rules. See, e.g., 28 U.S.C. § 2255(f). The Court makes no determination herein regarding the availability or merit of a § 2255 motion to vacate addressing the underlying criminal case.

under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court."); see also United States v. Vance, 563 F. App'x 277, 278 (4th Cir. 2014) ("A prisoner wishing to challenge the BOP's computation or execution of a federal sentence may do so via a petition for a writ of habeas corpus under 28 U.S.C. § 2241 . . . in the district of his confinement following exhaustion of available administrative remedies.").

Petitioner is confined at Pollock Federal Correctional Institution which is in the Western District of Louisiana. Because Petitioner's district of confinement is the Western District of Louisiana, this Court will transfer the petition to that court.

**IT IS, THEREFORE, ORDERED** that this action is transferred to the Western District of Louisiana.

Signed: March 22, 2019

Martin Reidinger
United States District Judge