UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| EARL SPENCER BOYCE, JR.,<br>Petitioner | CIVIL ACTION NO. 1:19-CV-371-P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Earl Spencer Boyce, Jr. ("Boyce") (#21670-058). Boyce is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Ray Brook, New York. At the time of filing, Boyce was housed at the Federal Correctional Institution in Pollock, Louisiana. Boyce challenges the calculation of his sentence by the BOP.

Because Boyce has received all the federal credit to which he is entitled, his Petition should be DENIED and DISMISSED WITH PREJUDICE.

## I.  Background

Boyce was convicted of possession of a firearm by a convicted felon and sentenced to 96 months of imprisonment, followed by three years of supervised release. (1:06-cr-020, W.D. N.C.; Doc. 26). While on supervised release, Boyce was arrested by North Carolina authorities. Boyce was "borrowed" by federal authorities pursuant to a writ of habeas corpus ad prosequendum to appear in federal court on a

new charge (1:14-cr-042, W.D. N.C.) and for revocation proceedings (1:06-cr-020, W.D. N.C.).

Boyce's supervision was revoked, and he was sentenced to 21 months of imprisonment. (1:06-cr-020, W.D. N.C.; Doc. 64). The judgment of revocation specified that the sentence was to run consecutively to any undischarged term of imprisonment imposed by a state or federal court. (1:06-cr-020, W.D. N.C.; Doc. 64).

In the new case, Boyce pleaded guilty to felon in possession of ammunition and was sentenced to 57 months of imprisonment. (1:14-cr-042, W.D. N.C.; Doc. 24). The judgment specified that the 57-month sentence was to run consecutively to the sentence imposed in the prior case—1:06-cr-020—and consecutively to any sentence that may be imposed by the state court with regard to pending charges. (1:14-cr-042, W.D. N.C.; Doc. 24).

On August 22, 2014, Boyce was transferred to the custody of the United States Marshal Service, at which time his federal sentence commenced. (Doc. 1, p. 35). According to Boyce, he was sentenced on state charges on May 5, 2017. (Doc. 1, p. 2). The state judge ordered the state sentence to run concurrent with the federal sentences. (Doc. 1, pp. 2, 35).

Boyce claims he did not receive proper credit against his federal sentence for time spent in custody that was credited to his state sentence. (Doc. 1). Boyce's administrative remedy was denied by the Regional Director, and his National appeal was rejected as untimely. (Doc. 1, pp. 35, 38).

II. **Law and Analysis**

Boyce seeks credit for time spent in custody that was credited toward his state sentence, which was ordered to run concurrently with his federal sentences. (Doc. 1, p. 2).

The authority to grant or deny credit for time served or a nunc pro tunc designation is specifically reserved to the U.S. Attorney General, who has delegated that responsibility to the BOP. U.S. v. Wilson, 503 U.S. 329 (1992); U.S. v. Jack, 566 F. App'x 331, 332 (5th Cir. 2014). The district court may review a challenge to the BOP's refusal to grant credit or make such a designation in a Section 2241 petition. Pierce v. Holder, 614 F.3d 158, 160 (5th Cir. 2010) (a habeas petition requesting a nunc pro tunc designation is not ripe until the BOP makes a final decision on the prisoner's request).

"Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). The federal court clearly and expressly ordered that the 57-month sentence and the 21-month sentence run consecutively to each other and to the future state sentence. (1:06-cr-020, W.D. N.C.; Doc. 26; 1:14-cr-042, W.D. N.C.; Doc. 24). Thus, the intent of the sentencing judge is clear.

The order of the state judge that the state sentence run concurrently with the prior federal sentences does not affect the computation of Boyce's federal sentence. A concurrent designation by the state court regarding a federal sentence is not binding on the BOP. See Hunter v. Tamez, 622 F.3d 427, 430 (5th Cir. 2010) (BOP not

required to give effect to the state sentencing court's direction that state sentence run concurrently with already-imposed federal sentence); Leal v. Tombone, 341 F.3d 427, 429 (5th Cir. 2003); Bloomgren v. Belaski, 948 F.2d 688, 690–91 (10th Cir. 1991) (determination by federal authorities that the petitioner's federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction).

Finally, 18 U.S.C. § 3585(b) prohibits the application of any time toward a federal sentence that has been credited against another sentence. North Carolina awarded Boyce 561 days of jail credit, so that time cannot be applied to Boyce's federal sentence.

### III. Conclusion

Because Boyce has received all the federal credit to which he is entitled, IT IS RECOMMENDED that Boyce's § 2241 petition be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned

is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 24th day of May, 2019.

Joseph H.L. Perez-Montes
United States Magistrate Judge